IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 07 CR 313 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| MONICO R. ALBIOLA ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendant Monico R. Albiola's Motion for a Judgment of Acquittal, or in the Alternative, for a New Trial. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Albiola was charged by superceding indictment with attempted possession with intent to deliver a controlled substance, in violation of 21 U.S.C. § 846, and use of a communication facility in committing a controlled substance felony, in violation of 21 U.S.C. § 843(b)(2). A jury found Albiola guilty of both counts of the superceding indictment on May 20, 2008. The court set a deadline of July 16, 2008 for the filing of post-trial motions. Albiola timely filed the instant Motion, and the government responded on July 30, 2008. The court granted Albiola leave to file his reply on or before August 20, 2008. As of August 26, 2008, Albiola has not filed a reply brief. Sentencing is set for August 28, 2008, at 10:00 a.m.

**II. DISCUSSION**

**A. Standard of Decision**

Pursuant to Federal Rule of Criminal Procedure 29, before a case is submitted to the jury, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which

1

the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). After a jury verdict, a defendant may bring a motion for judgment of acquittal pursuant to Rule 29(c)(2). The central inquiry for the court in determining Rule 29 motions is whether the evidence presented at trial was sufficient to convict, although other related grounds for acquittal are commonly presented to courts. See, e.g., United States v. Safavian, 451 F. Supp. 2d 232 (D.D.C. 2006) (denying Rule 29 motion asserting due process and other violations); Williams v. Virgin Islands, 271 F. Supp. 2d 696 (D.V.I. 2003) (denying Rule 29 motion based on asserted Brady violation).

> The firmly established rule is that the court must decide whether at the time of the motion there was relevant evidence from which the jury could reasonably find (defendant) guilty beyond a reasonable doubt. Evidence will be evaluated in the light most favorable to the Government, bearing in mind that it is the exclusive function of the jury to interpret witness credibility.

United States v. Khilchenko, 324 F.3d 917, 921 (7th Cir. 2003) (internal quotation marks and citation omitted); United States v. Payne, 102 F.3d 289, 295 (7th Cir. 1996); United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). A court should grant a Rule 29 motion "when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." United States v. Blassingame, 197 F.3d 271, 284 (7th Cir. 1999) (internal quotation marks and citation omitted). The Rule 29 movant therefore "faces a nearly insurmountable hurdle." Id.

Motions for a new trial brought pursuant to Federal Rule of Criminal Procedure 33 should be granted "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Rule 33 motions may be brought based on newly discovered evidence or other grounds. Id. at 33(b). "If the complete record, testimonial and physical, leaves a strong doubt as to the defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to

grant a new trial." United States v. Morales, 910 F.2d 467, 467 (7th Cir. 1990). Motions to grant a new trial, regardless of the assertions made therein, "are disfavored, and properly granted only in the most extreme cases." See Jenkins, 218 F.R.D. at 613.

## B. Albiola's Motion for Acquittal or New Trial

### *1. Acquittal*

Albiola asserts that the government presented insufficient evidence to convict him. Specifically, Albiola argues that there was no evidence that he acted knowingly or intentionally, and there was no evidence that he used a communication facility in furtherance of any crime. The court notes at the outset that Albiola has failed to support his argument with case law or other authority. The court would therefore be within its discretion to consider his arguments waived. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) ("The lack of development of this argument and absence of supporting case law speaks to the paucity of the argument. Arguments that are not adequately developed or supported are waived, ergo we do not consider [them].") (internal citation and quotation marks omitted). However, with an abundance of caution, the court will address the merits of Albiola's claim.

Albiola presents the court with no more than an "ordinary sufficiency challenge." See United States v. Waagner, 319 F.3d 962, 964 (7th Cir. 2003). These challenges are nearly impossible to win. See id.; Blassingame, 197 F.3d at 284.

The evidence presented by the government at trial was overwhelming. The following is a brief synopsis of that evidence. On May 10, 2007, a United States Postal Service ("USPS") Inspector intercepted an Express Mail package addressed to Albiola (the "Subject Package"). The Inspector discovered that the Subject Package contained two plastic baggies concealed

3

within the glass carafe of a Black and Decker coffee maker. The baggies contained 109.8 and 13.8 grams of mixtures containing methamphetamine, respectively. Another USPS Inspector conducted a controlled delivery of the Subject Package to Albiola on May 16, 2007, and observed the following. After accepting the Subject Package, Albiola did not re-enter his apartment until the USPS Inspector had left the apartment complex. Upon entering his apartment, Albiola dead-bolted the front door. He then closed and locked a sliding glass door, and took the Subject Package to a back room, not the kitchen. When Albiola opened the Subject Package, he immediately retrieved the methamphetamine from the coffee carafe. During a post-arrest interview, Albiola admitted that the Subject Package contained something he had purchased in Arizona. The government also introduced evidence that the return address on the Subject Package was fictitious, and that other USPS Express Mail packages with fictitious addresses were connected to Albiola. There is no question that a rational jury viewing this evidence could have found beyond a reasonable doubt that Albiola's actions were knowing and intentional, and that Albiola used or caused to be used a communication facility, namely the United States mail system, to further his actions. See Blassingame, 197 F.3d at 284.

## 2. New Trial

Like his assertions in support of his motion for acquittal, Albiola's two assertions in support of his motion in the alternative for a new trial are unsupported by authority, and the court would be within its discretion to consider both of these arguments waived. See Jones, 224 F.3d at 626. However, with an abundance of caution, the court will address the first of these arguments on its merits. For the reasons explained below, the court considers Albiola's second argument waived.

Albiola first asserts that the court erred in admitting evidence relating to the other USPS Express Mail packages connected to him. The court admitted government photographs of two USPS Express Mail labels sent from a fictitious address near Albiola's apartment complex. These labels were found in Albiola's car during a consent search. The court also admitted two USPS Express Mail labels recovered by a USPS Inspector. These labels were addressed to Abliola, and contained fictitious return addresses. The court admitted this evidence (1) as direct evidence of Albiola's knowing and intentional use of the United States mails, and (2) under Federal Rule of Evidence 404(b).

The court finds that this evidence supported the inference that Albiola knowingly and intentionally used the United States mails in furtherance of his actions. The court also determines that this evidence was properly admitted under Rule 404(b). That Rule provides

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Before admitting 404(b) evidence, a court must determine whether

> (1) the evidence is directed towards establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

United States v. Emerson, 501 F.3d 804, 812 (7th Cir. 2007).

The court properly admitted evidence related to the other USPS Express Mail packages for several non-propensity reasons. First, these prior mailings supported the inference that the fictitious address on the Subject Package was not a mistake. See United States v. Hernandez, 84

5

F.3d 931, 935 (7th Cir. 1996) (evidence of prior crime properly admitted to show the absence of mistake). Second, these mailings provided evidence of Albiola's *modus operandi*. See United States v. Harris, 271 F.3d 690, 705 (7th Cir. 2001) (testimony regarding defendant's method of selling drugs properly admitted); United States v. Akinrinade, 61 F.3d 1279, 1286 (7th Cir. 1995) (evidence regarding defendants' "smuggling procedures" properly admitted). Finally, this evidence showed planning and preparation on Albiola's part. See Harris, 271 F.3d at 705.

The prior mailings were clearly "relevant to the matter at issue," and the jury could rationally have found that Albiola was connected to these mailings. See Emerson, 501 F.3d at 812. No unfair prejudice to Albiola resulted from the introduction of the evidence regarding the prior mailings. See id. In addition, the court issued the following limiting instruction to the jury regarding this evidence: "You have heard evidence of acts of defendant other than those charged in the indictment. You may consider this evidence only on the questions of defendant's intent, preparation, plan, knowledge or absence of mistake or accident. You should consider this evidence only for these limited purposes." The court will therefore not alter its ruling on the admissibility of this evidence.

Albiola's last assertion is that the court improperly admitted hearsay testimony. Albiola, however, does not specifically indicate which witnesses allegedly offered hearsay testimony, nor does he identify with any precision what testimony he is referring to. The court cannot engage in speculation as to which witnesses, or to what testimony, Albiola objects. The court therefore considers this argument waived. See FTC v. World Media Brokers, 415 F.3d 758, 766 (7th Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, Albiola's Motion for a Judgment of Acquittal, or in the Alternative, for a New Trial is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: August 26, 2008